```
UNITED STATES DISTRICT COURT
  MIDDLE DISTRICT OF FLORIDA
        TAMPA DIVISION
```

ERIC EDWARDS, individually and
as personal representative of
the Estate of Romelo Barnes,
deceased, and TAMETHIA BROWN,

    Plaintiffs,

v.                            Case No. 8:21-cv-2874-VMC-AEP

CHAD CHRONISTER, in his
official capacity as Sheriff
of the County of Hillsborough,
MATTHEW MOYER, JOHN DOE 1,
and JOHN DOE 2

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiff Eric Edwards's *pro se* "Motion for Reconsideration of Dismissal" (Doc. # 40), filed on December 15, 2025. For the reasons that follow, the Motion is denied.

**I.   Procedural History**

Plaintiffs, Eric Edwards, individually and as personal representative of the estate of Romelo Barnes, and Tamethia Brown, commenced this action in December 2021, alleging that Sheriff's Deputies Matthew Moyer, Miguel Guerra, and Jamar Colon "unlawfully caused through the use of excessive and

deadly force, the death of [their son, Romelo Barnes], in violation of his Federal Constitutional rights, the Americans with Disabilities Act, and the laws of the State of Florida." (Doc. # 1 at ¶¶ 3, 9-10).

The complaint asserted six claims: excessive force in violation of 42 U.S.C. § 1983 against Deputies Moyer, Guerra, and Colon (Count I); wrongful death (battery) under Florida law against Deputies Moyer, Guerra, and Colon (Count II); wrongful death (battery) under Florida law against Sheriff Chad Chronister (Count III); wrongful death (negligence) under Florida law against Deputies Moyer, Guerra, and Colon (Count IV); wrongful death (negligence) under Florida law against Sheriff Chronister (Count V); and violation of the Americans with Disabilities Act, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(7), against all Defendants (Count VI). (Id. at ¶¶ 16-51).

In February 2022, Defendants moved to dismiss the complaint with prejudice on the grounds that: "Plaintiffs' Complaint is an impermissible shotgun pleading; (2) Plaintiffs have failed to comply with the mandatory provisions of Florida Statute § 768.28; (3) Plaintiffs have failed to establish standing to bring a wrongful death claim; (4) Plaintiffs have incorrectly identified certain potential

Defendants; (5) Plaintiffs have failed to overcome the Deputies' qualified immunity; and (6) Plaintiffs have failed to state a claim for an ADA violation." (Doc. # 13 at 2). Plaintiffs responded in opposition. (Doc. # 18). The motion to dismiss was referred to Magistrate Judge Anthony E. Porcelli. (Doc. # 22). After a hearing on the motion, Magistrate Judge Porcelli granted Plaintiffs' oral motion for leave to file an amended complaint to address the deficiencies raised by Defendants and denied as moot Defendants' motion to dismiss. (Doc. # 35).

In May 2022, Plaintiffs filed an amended complaint against Sheriff Chronister, Deputy Moyer, and two unnamed deputies, John Does 1 and 2. (Doc. # 36). The amended complaint asserted the same claims as set forth in Counts I through V of the original complaint, except Defendants John Doe 1 and 2 replaced Deputies Guerra and Colon in Counts I, II, and IV. (Id. at ¶¶ 16-44, 60-68). The amended complaint did not assert an ADA claim. (Id.).

On June 6, 2022, Defendants moved to dismiss the amended complaint, arguing as follows: "Count One should be dismissed because Plaintiffs have failed to overcome the Deputies' Qualified Immunity; Counts Two through Five should be dismissed because Plaintiffs have failed to establish

3

standing to bring a wrongful death claim" and "because Plaintiffs have failed to comply with Florida Statute § 768.28"; "Claims against 'Deputy Doe 1' and 'Deputy Doe 2' . . . should be dismissed because Plaintiffs have failed to file an appropriate fictitious party pleading; Counts Four and Five should be dismissed because Plaintiffs have failed to state a cause of action for wrongful death due to negligence; Counts Two and Three inappropriately reference claims brought under the Fourth Amendment and request punitive damages and such references should be struck"; "Counts Two and Four should be dismissed for failing to overcome the Deputies' immunity found in Florida Statute § 768.28"; and "Counts Three and Five should be dismissed for failing to state a cause of action against the Sheriff pursuant to Florida Statute § 768.28." (Doc. # 37 at 2-3). Defendants also argued that Mr. Edwards, in his individual capacity, and Ms. Brown were inappropriate parties to the action. (Id. at 3). On the same day, Plaintiffs, through counsel, filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Doc. # 38). On June 7, 2022, the Court entered an order confirming the dismissal of the action and directing the Clerk to close the case. (Doc. # 39).

4

More than three and a half years later, Mr. Edwards, *pro se*, moves for reconsideration of the dismissal pursuant to Federal Rule of Civil Procedure 59(e) and seeks to reinstate the action. (Doc. # 40).

## II. Legal Standard

"[U]pon a plaintiff's notice of a Rule 41(a)(1)(A)(i) voluntary dismissal, the action is no longer pending, and the district court is immediately deprived of jurisdiction over the merits of the case." Absolute Activist Value Master Fund Ltd. v. Devine, 998 F.3d 1258, 1265 (11th Cir. 2021) (internal quotation marks and citation omitted). However, the district retains jurisdiction to consider collateral issues after the action is voluntarily dismissed, such as "(1) the imposition of costs, (2) the imposition of attorney's fees, (3) the imposition of contempt sanctions, and (4) the imposition of Rule 11 sanctions." Id.

Pursuant to Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotation marks omitted).

Under Federal Rule of Civil Procedure 60(b), a party may move for relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "Rule 60(b) is the appropriate avenue for relief" from a voluntary dismissal without prejudice. Waetzig v. Halliburton Energy Servs., Inc., 604 U.S. 305, 313 (2025).

### III. Analysis

Mr. Edwards argues that the Court should reconsider the dismissal of the action pursuant to Rule 59(e). (Doc # 40 at 1-2). Mr. Edwards asserts that "[n]ew evidence, clarification

6

of misapplied standards, and overlooked legal arguments compel reconsideration and reinstatement of the matter to address substantial due process and civil rights violations regarding the death of Romelo Barnes." (Id.). The Court disagrees.

As an initial matter, the Motion is purportedly brought on behalf of Plaintiffs. However, because Mr. Edwards is *pro se*, he can only seek relief in his individual capacity.

Next, Rule 59(e) is not applicable here as there has been no entry of judgment. See Anderson v. Counts, No. 1:07-cv-0192-WSD, 2008 WL 268988, at *1 (N.D. Ga. Jan. 30, 2008) ("[Rule 59(e)] does not apply because no judgment of any kind has been entered it this case.").

Finally, even construing the Motion as seeking relief under Rule 60(b), Mr. Edwards is not eligible for relief from the notice of voluntary dismissal filed by his own attorney. Contrary to his assertion, Mr. Edwards has not offered any "new evidence" in support of the Motion. (Doc. # 40 at 1). In any event, even if he did, this would not be grounds for relief because the Motion was filed more than three years after the action was dismissed and thus beyond the one-year deadline for Rule 60(b)(2). Fed. R. Civ. P. 60(c)(1). Even if he had asserted reasons covered by Rule 60(b)(4)-(6), the

Court determines that the Motion was not filed within a "reasonable time." Id.

Regardless, rather than asserting any of the grounds for which a party may seek relief under Rule 60(b), Mr. Edwards merely attempts to rebut several points made in Defendants' second motion to dismiss. (Doc. # 40 at 2-3). Mr. Edwards has not articulated any basis that would warrant granting relief from the notice of dismissal filed by his own counsel.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Eric Edwards's *pro se* "Motion for Reconsideration of Dismissal" (Doc. # 40) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of December, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

8